IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00559-PAB

DIEU-BENIT BASUKI LIYANZA,

Petitioner,

v.

JUAN BALTAZAR, Warden, GEO Aurora Contract Detention Facility, in his official capacity, et. al.,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Dieu-Benit Basuki Liyanza's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 7. Petitioner filed a reply. Docket No. 11.

## I. BACKGROUND[1]

Petitioner is a native and citizen of the Democratic Republic of Congo. Docket No. 1 at 7, ¶ 15. On or about April 25, 2024, petitioner entered the United States without inspection near San Luis, Arizona. *Id.* at 8, ¶ 16. Petitioner was released from the Department of Homeland Security's custody on his own recognizance. *Id.* Petitioner has a pending application for asylum. *Id.*, ¶ 18. On February 9, 2026, Immigration and Customs Enforcement ("ICE") took petitioner into custody while he was

---

[1] The following facts are undisputed unless otherwise noted.

in Aurora, Colorado. *Id.*, ¶ 20. ICE placed petitioner in removal proceedings and classified his detention as being controlled by 8 U.S.C. § 1225(b)(2). *Id.* at 8-9, ¶ 21.

On February 11, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Petitioner brings a claim for violation of the Immigration and Nationality Act (the "INA") under 8 U.S.C. §§ 1225 and 1226, violation of the Administrative Procedure Act, and violation of petitioner's Fifth Amendment right to Due Process. *Id.* at 12-19. Petitioner requests, among other things, that the Court order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 20-21.

## II.    ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *Id.* at 12-17; Docket No. 7 at 7-14. Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a) because § 1226(a) applies to the detention of noncitizens, like petitioner, who previously entered and are now residing within the United States. Docket No. 1 at 15, ¶¶ 40-41. Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing. *See id.* at 20-21. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted or paroled. Docket No. 7 at 7-14. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without

inspection and who face removal proceedings.  *See Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026); *Gonzalez v. Baltazar*, No. 26-cv-00297-PAB, 2026 WL 415600, at *1-2 (D. Colo. Feb. 13, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *2 (D. Colo. Feb. 4, 2026); *Armenta* v. *Noem*, No. 26-cv-00236-PAB, 2026 WL 274634, at *1-5 (D. Colo. Feb. 3, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on.  *See generally* Docket No. 7.  The Court finds no distinguishing material facts between this case and *Alfaro Orellana*.  Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).  The Court will grant the habeas petition on the § 1226 claim and will

order respondents to provide petitioner a bond hearing within seven days of the date of this order.[2]

## III.    CONCLUSION

Therefore, it is

**ORDERED** that petitioner Dieu-Benit Basuki Liyanza's Petitioner for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order.  It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED March 18, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[2] Because the Court will grant the habeas petition on the basis of the 8 U.S.C. § 1226(a) claim, it will not reach petitioner's remaining claims.  *See Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").